UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME MARKIEL DAVIS, | No. 2:19-cv-0408 CKD P |
| Petitioner, | |
| v. | ORDER |
| CARLOS BOLANOS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. (ECF No. 2.) Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus unless "there is an absence of available State corrective process" or circumstances make the process ineffective to protect a petitioner's rights.[1] 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

After reviewing the petition for habeas corpus, it appears that Grounds Two through Five of the petition have not been presented to the California Supreme Court. (ECF No. 1 at 2-3, 5.) Petitioner states that Grounds 2, 3, and 4 have not been previously presented (id. at 5), and while it appears that he raised Ground 5 in a state habeas petition, he states that he did not pursue his state petition after it was denied by the superior court (id. at 2-3).

In light of the fact that it appears the petition is not fully exhausted, petitioner will be given an opportunity to either notify the court that he has in fact exhausted his state court remedies by presenting his claims to the California Supreme Court or that state court remedies are unavailable. If petitioner cannot show that he has exhausted his state court remedies or that they were unavailable, he may instead move for a stay and abeyance. If petitioner fails to respond to this order, the court will proceed to order service of the petition without a stay. Petitioner is advised that if he proceeds on the petition as is, based on his representation that Grounds Two through Five are unexhausted, those grounds will be subject to dismissal as unexhausted absent the state's express waiver of exhaustion and it is likely that they will ultimately be dismissed.

If petitioner seeks to stay his case while he returns to state court, he must file a separate motion for stay and the motion must specify whether he is seeking a stay under Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

A Rhines stay is available for (1) a petition containing only unexhausted claims, or (2) a petition that is "mixed" (contains both exhausted and unexhausted claims). Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). A Rhines stay preserves the federal filing date for unexhausted claims contained in the federal petition. In order to obtain a stay under Rhines, the petitioner must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation. Rhines, at 544 U.S. at 277-78.

////

Alternatively, a petitioner may seek to stay an exhausted-claims-only petition pursuant to Kelly. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). Under the Kelly procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070-71). The procedure under Kelly is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. Id. The Kelly stay-and-abeyance procedure does not require petitioner to demonstrate good cause or that the claims have merit. However, using the Kelly procedure means that any newly-exhausted claims later added to the federal petition by amendment must "relate back" to the claims in the stayed petition or otherwise satisfy applicable timeliness requirements. In other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." Id. at 1141.

If petitioner wants to pursue his claims in state court, he is advised that he does not require and should not wait for an order from this court to exhaust his claims in state court, and he may pursue them in state court without delay.[2]

Petitioner may also choose to dismiss his unexhausted claims without moving for a stay. In the event petitioner chooses to proceed on an exhausted-claims-only petition without a stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims might face challenges based on timeliness, the limitations applicable to second or successive petitions, and/or other procedural hurdles, depending on the circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted.

2. Within thirty days of service of this order, petitioner shall file either (1) a notice

---

[2] The court takes no opinion as to whether petitioner's currently unexhausted claims will be timely once exhausted and brought in this court.

advising the court that all of the grounds for relief in his petition have been presented to the California Supreme Court or that state court remedies are unavailable; (2) a motion for stay under either Rhines or Kelly; or (3) a motion to dismiss Grounds Two through Five without a stay.

    3. If petitioner does not notify the court of how he would like to proceed, the court will proceed on the petition without a stay and Grounds Two through Five will likely end up being dismissed as unexhausted.

Dated: March 12, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:davi0408.mix.hc.stay.advisement