UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME MARKIEL DAVIS,<br><br>Petitioner,<br><br>v.<br><br>CARLOS BOLANOS,<br><br>Respondent. | No. 2:19-cv-0408 JAM CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition as premature. (ECF No. 13.)

I. Factual and Procedural Background

On February 7, 2017, petitioner was convicted of attempted murder, assault with a firearm, grossly negligent discharge of a firearm, and discharge of a firearm at an inhabited dwelling, along with gang and firearm enhancements, in Sacramento County Superior Court case number 15F02816. (ECF No. 1 at 1; ECF No. 14-1.) He received a determinate sentence of seventeen years and three months and an indeterminate sentence of twenty-five years to life. (Id.)

Petitioner appealed his sentence and on September 28, 2018, the California Court of Appeal, Third Appellate District vacated petitioner's sentence and remanded to the trial court for resentencing, but otherwise affirmed the judgment. (ECF No. 14-2 at 12.)

On October 29, 2018, petitioner filed a petition for review in the California Supreme Court (ECF No. 14-3), which was denied on December 12, 2018 (ECF No. 14-4).

According to the Sacramento County Superior Court's docket,[1] petitioner was resentenced and judgment was entered on September 20, 2019.[2] The docket for the California Court of Appeal, Third Appellate District shows that petitioner filed an appeal and the appeal is currently pending.[3]

II. Motion to Dismiss

Respondent moves to dismiss the petition on the ground that it is premature and barred by Younger v. Harris, 401 U.S. 37 (1971), because petitioner's resentencing proceedings are currently pending. (ECF No. 13.) In his opposition, petitioner admits that resentencing was pending at that time, but argues that his case should not be dismissed because he has exhausted his state court remedies; he is challenging his conviction, not his sentence; and the statute of limitations would bar him from re-filing if the instant petition is dismissed. (ECF No. 15.)

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a pending state criminal case. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008) (citations and footnote omitted). Younger abstention is required when the following requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state

---

[1] The court may properly take judicial notice of state court dockets, including those found on the internet. Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (footnote and citations omitted); Fed. R. Evid. 201(b)(2)).

[2] Sacramento Superior Court docket for case number 15F02816 available at https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/CaseDetails?sourceSystemId=8&sourceKey=1517993.

[3] California Court of Appeal, Third Appellate District docket for case number C090521 available at https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=2299206&doc_no=C090521&request_token=NiIwLSEmXkw9WyBJSCM9XEtIUFw6UTxbKiJeUzhTICAgCg%3D%3D.

2

> proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

Id. at 1092 (citations omitted). This principle applies equally to appellate and trial proceedings. Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975).

At the time the motion to dismiss was filed, petitioner had not yet been resentenced. While petitioner has now been resentenced, that judgment is on direct appeal in the state court. "'Final judgment in a criminal case means sentence. The sentence is the judgment,'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)), and in the habeas context, "judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). Accordingly, state proceedings are still ongoing and petitioner's judgment is not yet final, satisfying the first requirement for Younger abstention.

The second requirement for Younger abstention is also met because "state criminal proceedings implicate important state interests." Lazarus v. Baca, 389 F. App'x 700, 701 (9th Cir. 2010) (citing Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44).

Finally, there is no indication that petitioner has been barred from pursuing his constitutional claims in state court, as he alleges that they are in fact exhausted, and allowing him to proceed in federal court before the conclusion of his state court proceedings would constitute the kind of interference of which Younger disapproves. Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Apparent finality of one issue is not enough.").

To the extent petitioner expresses concern over the statute of limitations, because his judgment is not yet final, the statute of limitations has not yet begun to run, and he will therefore suffer no prejudice as a result of dismissal of the petition. Burton, 549 U.S. at 156-57 (statute of

limitations under § 2244(d)(1)(A) does not begin to run until both conviction and sentence become final).

For these reasons, Younger abstention is required and it will be recommended that the petition be dismissed without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:davi0408.mtd.hc.f&r

4